UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBINSON SANCHEZ,

                                Petitioner,

                        v.

UNITED STATES OF AMERICA,

                                Respondent.
_____

DECISION & ORDER

04-CR-6143L

**PROCEDURAL BACKGROUND**

On April 30, 2007, petitioner Robinson Sanchez ("Sanchez") pleaded guilty to three counts of the Fourth Superseding Indictment pursuant to a detailed Plea Agreement. Sanchez pleaded to a narcotics charge (possession with intent to distribute 500 grams of heroin); and two firearms offenses (possessing a firearm in furtherance of a drug trafficking crime and brandishing a firearm on a different date in furtherance of a drug trafficking crime). The drug charge carried a minimum 5 year sentence. The firearms offense under Count VIII provided for a minimum 5 year term consecutive and the second firearms offense required a mandatory 25 year consecutive term. Therefore, Sanchez faced an aggregate mandatory minimum sentence of 35 years (420 months).

The plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) which provided for a sentence of 420 months imprisonment, the mandatory minimum. The range under the United States Sentencing Guidelines called for a significantly greater sentence.

The Plea Agreement also contained a cooperation provision. As it turned out, Sanchez did provide cooperation and there were proceedings in another court and, therefore, sentencing did not occur in this Court for over 5 years after the plea was entered.

Prior to sentencing, the Government filed a motion (Dkt. #357) pursuant to 18 U.S.C. § 3553(e) for a downward departure based on substantial assistance. The Government recommended a departure of 5 years. On May 11, 2012, the Court granted the departure motion and sentenced Sanchez to an aggregate term of 360 months plus one day. Sanchez did not appeal the sentence and judgment.

Now 13 years after entry of the plea and 7 years after the sentencing, Sanchez has filed a motion (Dkt. #427) seeking a reduction of his sentence.[1]

The sole basis for Sanchez's request is his belief that he is entitled to relief under the provisions of the First Step Act of 2018. Pub.L. 115-391; 132 Stat. 5194 ("The Act"). The Act was signed by the President and effective on December 21, 2018.

The Act changed previous authority and provided that the stacking of sentences for offenses under 18 U.S.C. § 924(c) only applies to repeat offenders "after a prior conviction [under 924(c)] has become final." The Act, Section 403.

The Government filed its Response (Dkt. #431) to the motion. Attached to the Response as Exhibit 1 is the 32-page transcript of the plea proceeding on April 30, 2007. Exhibit 2, also attached, is the transcript of the sentencing proceeding on May 11, 2012.

---

[1] The "motion" was contained in a handwritten letter from Sanchez (Dkt. #427) which was supplemented later in another handwritten note (Dkt. #428) containing legal memoranda.

**MOTION FOR REDUCTION OF SENTENCE**

Sanchez's motion must be denied for the two reasons that the Government posits in its Response.

**I.    Waiver of Right to Appeal**

First, such a motion is procedurally barred by Sanchez's agreement, set forth in the Plea Agreement, that he is barred from appealing the agreed-upon sentence or challenging it in a collateral attack.  The pending motion constitutes such a challenge.

The Plea Agreement covered many topics.  One was that Sanchez could not appeal or collaterally challenge the sentence that did not exceed 420 months which was the agreed-upon sentence in the Plea Agreement.  Sanchez's sentence to 360 months plus one day was, of course, well below the 420 months threshold.

Although a 360 month sentence is substantial, Sanchez received several significant benefits based on the Plea Agreement which resolved cases before this Court, the Eastern District of New York and in Kings County, New York.  This Court intends to enforce the waiver provision and therefore deny the present motion.  Where a defendant receives substantial benefits as part of the plea agreement bargain, the Second Circuit and others courts have routinely enforced appeal-waiver agreements.  *See*, *i.e.*, *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016); *Garcia-Santos v. United States*, 273 F.3d 506 (2d Cir. 2001).

Sanchez was involved in significant narcotics activity and firearms offenses, and also had serious charges pending in the Eastern District of New York (a federal RICO prosecution) and an attempted murder prosecution in Kings County, New York.  Based on the plea and sentence in this Court, the Eastern District case was to be dismissed and the state court sentence was to be nine years but run concurrently with the sentence imposed in this Court.

There was other serious criminal conduct which was not prosecuted and the Government's letter of January 18, 2012 (Dkt. #364), filed under seal, describes both Sanchez's cooperation justifying a downward department and his significant criminal activities. In addition to setting forth the nature of his cooperation, the Government set forth the cases in the other jurisdictions that were to be resolved. The Government recited criminal activity in Puerto Rico. There, petitioner was engaged as an enforcer for a Puerto Rican drug enterprise. In that role, Sanchez and another gunned down and murdered two rival drug distributors. After which, Sanchez fled Puerto Rico and returned to Brooklyn, New York.

Sanchez's bargain should be enforced against him. As noted, Sanchez obtained several benefits by entering into the plea. First of all, the plea was tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C) with an agreed-sentence at the statutory minimum for the three charges. The United States Sentencing Guidelines provided for a sentence well above the minimum. (Exhibit 1, pp. 9-10). That Guideline range was 468-495 months. Other charges in this Indictment were dismissed as part of the plea.

In addition to the plea here, as mentioned, a pending RICO charge in the Eastern District of New York would be dismissed and Sanchez's attempted murder charge in Kings County, New York (which was pleaded as an assault charge) would run concurrently with the sentence here. (Exhibit 1, p. 12).

Finally, the Plea Agreement contained a cooperation provision. (Exhibit 1, pp. 15-17). Later, Sanchez did provide substantial assistance and the Court granted the Government's motion for a reduced sentence, reducing the Rule 11(c)(1)(C) sentence by 5 years.

Sanchez has reaped not insubstantial benefits from the Plea Agreement. If all the other charges had been pursued, Sanchez could well be looking at a life sentence. Sanchez obtained

4

those benefits and he should now be held to his part of the bargain, specifically that he was barred from appealing or collaterally attacking the judgment and sentence.

## II. First Step Act is Not Retroactive

Sanchez relies on the recently enacted First Step Act, enacted December 21, 2018, 11 years after Sanchez pleaded guilty and 6 years after he was sentenced.

The law is clear that before enactment of the Act multiple Section 924(c) offenses in one case could be "stacked" that is, run consecutively. The United States Supreme Court had approved such a scenario. *See Deal v. United States*, 508 U.S. 129, 132 (1993).

That is precisely what occurred in Sanchez's case. He understood that such a consecutive sentence was to be imposed in this case as part of the Plea Agreement (Exhibit 1, pp. 9-10) and as promised, that sentence was imposed by the Court (Exhibit 2, p. 23).

Although the Act precludes such a result now, the change does <u>not</u> apply retroactively. By the Act's terms, it only applies to cases where the "sentence for the offense had not been imposed as of December 21, 2018, the date of the Act's enactment"), the Act, Section 403(b). The text of the Act is clear. The plain, clear language of the Act establishes that Congress intended the dramatic change in the law to apply only to sentences imposed for multiple 924(c) violations after the Act's enactment. Sanchez's strained interpretation as to the Act and its purpose has no legal support whatsoever.

Sanchez has received multiple benefits for his plea and cooperation. Although the sentence was to be 420 months, this Court reduced it by 5 years. Sanchez received that 5-year reduction in addition to the other substantial benefits that occurred because of his plea. There is no basis whatsoever for any further reduction.

CONCLUSION

Petitioner Robinson Sanchez's motion (Dkt. #427), as supplemented (Dkt. #428), is in all respects denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 17, 2020.